IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD AND MARION SNYDER : Bankruptcy Case No. 99-53312
Appellants : (Adversary No. 99-5583)
:
v. : Civil No. BEL-06-1861
:
INTERNAL REVENUE SERVICE :
Appellee :

**MEMORANDUM**

Richard and Marion Snyder ("the Snyders"), acting pro se, have filed numerous bankruptcy appeals.[1] In this appeal, the Snyders challenge the Bankruptcy Court's June 12, 2006 Order denying various motions that the Snyders had filed. The issues have been briefed, and no hearing is necessary. For the reasons stated below, the Court will, by separate Order, AFFIRM the Bankruptcy Court's Order and DIRECT the Clerk to CLOSE the case.

**I. Background**[2]

On March 15, 1999, the Snyders filed a voluntary Chapter 13 Petition in Bankruptcy in the United States Bankruptcy Court for the District of Maryland (Bankruptcy Case No. 99-53312). Shortly thereafter, the Internal Revenue Service ("IRS") filed a proof of claim for the Snyders' unpaid taxes.

On July 21, 1999, the Snyders filed an adversary proceeding against the IRS, asking the

---

[1] Since 2003, the Snyders have filed at least 13 bankruptcy appeals in this Court. (See Civil Nos. L-03-1261, L-03-1539, L-03-1840, L-03-1841, L-03-1868, L-04-1123, L-04-1797, L-04-3132, L-06-330, L-06-331, L-06-1861, L-06-2138, and L-07-255.)

[2] The factual and procedural history of the Snyders' bankruptcy case and various adversary proceedings is complicated. Accordingly, the Court does not discuss it in its entirety. Rather, the background section herein discusses events relevant only to the issues presented in this instant appeal. For more information regarding the Snyders' bankruptcy case and adversary proceedings, please see the Court's Memoranda and Orders in the above-listed bankruptcy appeals.

Bankruptcy Court to determine their individual income tax liabilities for 1988 and 1989. (See Adversary No. 99-5583.) After resolving numerous underlying issues, the Bankruptcy Court delivered its final decision in an April 18, 2003 Order Determining Tax Liability. The Snyders appealed the April 18, 2003 Order.

On July 15, 2005, while the adversary order was on appeal, the Bankruptcy Court dismissed the Snyders' main bankruptcy case. Two months later, on September 30, 2005, this Court decided the appeal in the adversary case and (i) ruled that the IRS's assessment for the Snyders' 1988 tax was invalid (thereby reversing the Bankruptcy Court on that point), and (ii) remanded the case to the Bankruptcy Court to (a) determine whether, and how, this ruling affects the Bankruptcy Court's decisions regarding other issues in the case and (b) revise its Order Determining Tax Liability as necessary. (See Snyder v. Internal Revenue Service, Civil No. L-03-1539 (Docket Nos. 27, 28).)

On remand, the Snyders filed the following motions in the adversary case: (i) Rule 9024 motion seeking reconsideration of the Bankruptcy Court's dismissal of their bankruptcy case, (ii) a Petition for Writ of Mandamus, seeking an order requiring the IRS to return to the Snyders $25,000 that the Snyders had paid to the IRS in 1989, and (iii) motions to reconsider the Bankruptcy Court's denial of two summary judgment motions that the Snyders had filed on remand. In an Order dated June 12, 2006, the Bankruptcy Court denied the Snyders' motions. The Snyders have appealed the June 12, 2006 Order.

II.   **Standard of Review**

Generally, a district court reviews a bankruptcy court's factual findings for clear error, and its conclusions of law under the de novo standard. In re Bogdan, 414 F.3d 507, 510 (4th Cir.

2005), cert. denied, Stewart Title Guar. Co. v. Logan, 126 S. Ct. 1052 (2006).

In this case, the Snyders filed several motions for reconsideration under Rule 9024 of the Federal Rules of Bankruptcy Procedure. The denial of those motions is reviewed under an abuse of discretion standard,[3] and this appeal does not raise the merits of the underlying decisions of which the Snyders sought reconsideration.[4]

### III.   Analysis

In their rambling and disjointed briefs, the Snyders generally argue that the Bankruptcy Court has mishandled their case on remand. They suggest that the Bankruptcy Court hold a hearing at which the undersigned would be present in order to instruct the Bankruptcy Court as to how to proceed. The Court will not interfere with the Bankruptcy Court's work on remand. If the Snyders are dissatisfied with the Bankruptcy Court's rulings on remand, the proper procedure is to file an appeal from those rulings and to argue to this Court why those specific rulings are incorrect.

Although the Snyders have appealed the Bankruptcy Court's June 12, 2006 Order, they do not, with two minor exceptions, state why they believe the Bankruptcy Court's rulings in that

---

[3] Rule 9024 specifically incorporates Rule 60 of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 9024. Accordingly, the Snyders' motions for reconsideration are governed by Rule 60. The denial of a Rule 60 motion is reviewed under the abuse of discretion standard. See Browder v. Director, Dep't of Corr., 434 U.S. 257, 263 n.7 (1978) (stating that denial of motion for reconsideration is reviewed for abuse of discretion); In re Tennant, 318 B.R. 860, 866 (B.A.P. 9th Cir. 2004) (reviewing bankruptcy court's denial of Rule 60(b) motion for reconsideration for abuse of discretion); In re Wilson, 248 B.R. 745, 748 (M.D.N.C. 2000) (stating that a bankruptcy court's decision on Rule 60 motion for reconsideration is reviewed for abuse of discretion.)

[4] See Browder, 434 U.S. at 263 n.7 ("[An] appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.").

Order are incorrect. Accordingly, the Court denies the Snyders' appeal as to those rulings.

The Snyders do specifically discuss the Bankruptcy Court's denial of their Rule 9024 motion seeking reconsideration of the dismissal of their Chapter 13 bankruptcy case. The Bankruptcy Court denied the motion on the ground that it was filed in the wrong case. As the Bankruptcy Court explained, the order dismissing the Snyders' bankruptcy case was entered in their main bankruptcy case. (Bankruptcy No. 99-53312.) Accordingly, a motion for reconsideration of the dismissal must likewise be filed in the main bankruptcy case, not in their adversary case against the IRS. The Bankruptcy Court, therefore, denied the Snyder's motion for reconsideration without prejudice to re-filing in their main bankruptcy case.

The Snyders argue that they mistakenly filed the motion in the adversary case and that it was, therefore, an abuse of discretion for the Bankruptcy Court to have denied their motion. The Court disagrees. It is well within a court's discretion to deny a motion that is filed in an incorrect case. In addition, this Court has affirmed the Bankruptcy Court's dismissal of the Snyders' Chapter 13 case. (See Civil No. L-06-330.) Accordingly, even if the Bankruptcy Court had abused its discretion, it would now be futile to require the Bankruptcy Court to address the merits of a motion seeking reconsideration of an order that has since been affirmed.

The Snyders also challenge the Bankruptcy Court's statement in its June 12, 2006 Order that "the court will need to address whether Debtors' 1988 federal income tax liability is capped at $68,143, the deficiency amount stated in the Notice of Deficiency, or $85,214.94, as included in the first Ordered paragraph of the Order Determining Tax Liability."[5] (Adversary No. 99-

---

[5] In accordance with this Court's order remanding the case, the Bankruptcy Court voided the IRS's February 4, 1991 assessment of the Snyders' 1988 income tax. The Bankruptcy Court noted, however, that the IRS also sent the Snyders a notice of deficiency dated September 25, 1997

5583, Docket No. 146.) The Snyders argue that, in light of this Court's order ruling that the IRS's February 1991 assessment for the Snyders' 1988 tax was invalid, the Snyders' 1988 tax liability must be zero, rather than one of the amounts proposed in the June 12th Order.

In discussing the Snyders' tax liability for 1988, the Bankruptcy Court was not making a final ruling. Rather, it was framing the issues for the parties to address at the hearing that the Bankruptcy Court had scheduled for August 2006. In its post-hearing Order on Remand, issued on October 30, 2006, the Bankruptcy Court stated that the Snyders' total income tax liability for 1988 was $90,836.94, plus penalties and interest. (Adversary No. 99-5583, Docket No. 161, at 3.) If the Snyders contend that the total should be zero, they must appeal the Order on Remand. This they have not done.[6] Moreover, the Snyders have not offered any legal authority for their argument that, when a tax assessment is invalidated, the taxpayer no longer has any obligation to pay the tax.

IV.   **Conclusion**

For the foregoing reasons, the Court will, by separate Order,

(i)   AFFIRM the Bankruptcy Court's order, and

(ii)   DIRECT the Clerk to CLOSE the case.

Dated this 8TH day of March, 2007.

Benson Everett Legg
Chief Judge

---

for additional income tax in the amount of $68,143 over the original assessed tax.

[6] The Snyders appealed the Bankruptcy Court's denial of their motion for reconsideration of the Order on Remand, which this Court has denied. (See Civil No. L-07-255.) The Snyders did not, however, appeal the Order of Remand itself.